**Wen Huei ZHO, a.k.a. Cao, Wen Hui Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–4294–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2005.

Lynn Neugebauer, Jackson Heights, New York, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, Christopher W. Schmeisser, William J. Nardini, Assistant United States Attorneys, Danielle M. Morris, Law Student Intern, for Respondent.

PRESENT: CABRANES, WESLEY, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

DECREED that the petition for review is DENIED, and the outstanding motion for stay of removal is DENIED.

Wen Huei Zho, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

The Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) *(per curiam* ); *Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). This Court reviews an IJ's application of law to fact *de novo. See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In this case, reversal of the IJ's determination is not warranted. Notwithstanding the IJ's erroneous finding that Zho testified that her parents had not been targeted by the government, which is belied by the ransacking of the family house and the sterilization of Zho's mother, and the lack of an explicit credibility finding, *see Diallo,* 232 F.3d at 290, the IJ found other grounds to properly deny Zho's asylum application. That is, the IJ found that Zho did not meet her burden of proving past persecution or a well-founded fear of persecution on account of her opposition to the Chinese government's coercive population policy.

Specifically, the IJ found Zho was never threatened with sterilization or abortion, and the sterilization of her mother does not amount to persecution of Zho under section 101(a)(42) of the INA. While in *In re C–Y–Z,* 21 I & N Dec. 915, 1997 WL 353222 (BIA 1997), the BIA determined

that the forced sterilization or abortion of one spouse is an act of persecution against the other spouse, and that, as a result, the spouses of those directly victimized by coercive family planning policies are as *per se* eligible for asylum as those directly victimized themselves, this Court has held that such protection does not extend to children whose parents were victimized. *Shao Yan Chen v. DOJ,* 417 F.3d 303 (2d Cir.2005). The IJ also noted that the government requirement that Zho attend classes in which family planning policies were taught, did not amount to persecution but, instead, was a legitimate government population policy. Although Zho was told to leave the vocational school she attended, she testified that she was never told by the school counselor or any government officials why she had to leave, and she was not sure of the reason. Zho did not clearly link the ransacking of the family house to her mother's giving birth to three children and, thus, being in violation of family planning law. However, even if the ransacking of the house, which was not witnessed by Zho who was living elsewhere, was in response to her mother's violation of family planning law, the ransacking, taken together with all the incidents in the record, would not amount to persecution of Zho on account of her opposition to the Chinese coercive population policy.

The IJ also found that Zho did not explain her claim that, upon returning, she would be targeted and have her reputation damaged by the government for not attending the family planning classes. Nor did she present any other evidence that she would be persecuted based on any particular social group or on her political opinion or imputed political opinion.[2]

---

**2.** *See Chun Gao v. Gonzales,* 424 F.3d 122 (2d Cir.2005) (holding "that an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the [Immigration and Nationality] Act,") (internal quotations omitted).

Because the IJ's denial of asylum relief does not rely on Zho's identity or the authentication of her documents, the Court need not address her argument concerning proof of her identity. Further, Zho's claim that her Fifth Amendment rights were violated because she was not provided with a full and fair hearing, is without merit.

Accordingly, the IJ correctly denied Zho's application for asylum and the petition for review is therefore denied, as is the outstanding motion for a stay of removal.